DECUIR, Judge.
This matter arises out of a suit on a promissory note executed in connection with a credit sale by Bob Asa Dillman and his wife Wanda E. Woodard against Odell Puckett and his wife, Betty Gardner. Plaintiffs amended their petition to name as additional defendants, Robert K. Guillo-ry and Associates and Acadiana Financial Corporation for failure to honor an assignment of a personal injury claim executed in connection with a credit sale. After a trial on the merits, written reasons were assigned and judgment rendered in favor of plaintiffs and against defendants, Odell Puckett and Betty Gardner, in the amount of $23,940.34 with interest thereon through July 30, 1991 in the amount of $3,611.89, together with judicial interest from July 30, 1991, until paid and for attorney’s fees in the amount of 25% on the aggregate *170 amount due of principal and interest. The judgment further decreed and recognized a credit deed and special mortgage as a valid privilege against the property described therein. The plaintiffs’ claims against the remaining defendants, Robert K. Guillory and Associates and Acadiana Financial Corporation, were dismissed with prejudice. Plaintiffs appeal that portion of the judgment dismissing Robert K. Guillory and Associates and Acadiana Financial Corporation.
The trial judge in reasons for judgment found the assignment to be null and void insofar as the assignment attempts to assign a personal injury claim (i.e. a personal right); that there was no obligation on the part of Robert K. Guillory and Associates to pay the funds due plaintiffs in that neither the credit deed nor the assignment include an obligation on the part of Robert K. Guillory and Associates; and that Robert K. Guillory and Associates never acted in a fiduciary capacity such as to impose a duty upon this defendant to guarantee that plaintiffs receive the funds due.
Plaintiffs have set forth several assignments of error which can be summarized as follows: 1) The trial court erred in finding that the assignment was an attempt to convey a personal right and therefore is null and void; 2) The trial court erred in finding that Robert K. Guillory did not have knowledge of the assignment of the personal injury claim by Odell Puckett and Betty Gardner; 3) The trial court erred in its determination that Robert K. Guillory owed no fiduciary duty to plaintiffs; 4) The trial court erred in holding that Robert K. Guillory’s violation of the Rules of Professional Conduct did not constitute a violation of a duty owed by defendant to plaintiffs, and in failing to apply traditional duty-risk principles; 5) The trial court erred in finding that defendant, Robert K. Guillory & Associates, was not obligated to pay or guarantee payment to plaintiffs because no such obligation was undertaken in the assignment or otherwise; and 6) The trial court erred in holding that Acadiana Financial Corporation did not actively participate in the process by which plaintiffs were denied their property by virtue of the special relationship existing between Robert K. Guillory and Acadian Financial Corporation.
The court notes that plaintiffs have failed to brief the assignment of error relating to Acadiana Financial Corporation and therefore this assignment of error is considered abandoned pursuant to Uniform Rules — Courts of Appeal Rule 2-12.4. Furthermore, a determination of the validity of the assignment is not necessary to a disposition of the case sub judice. Even assuming the assignment to be a valid transfer of litigious rights, we find no error in the result reached by the trial judge and affirm for the following reasons.
On March 25, 1987, defendants, Odell Puckett and Betty Gardner, purchased from plaintiffs a mobile home and real estate by credit deed. In connection with the purchase of this property, defendants executed in favor of plaintiffs a certain promissory note in the amount of $27,500.00 payable in full upon the settlement or receipt of payment in satisfaction of a cause of action for personal injuries belonging to Odell Puckett arising out of an automobile accident on November 5, 1986, and further provided for monthly payments of $254.92 until such settlement. As additional security, Odell Puckett and Betty Gardner also executed a voluntary assignment of Mr. Puckett’s claim against Ben Busby and State Farm Insurance Company. At the time these documents were executed, the Pucketts were represented in their tort claim by Gerard Caswell, then an associate with the law firm of Guillory, McGee and Fontenot. Robert K. Guillory was a senior partner in the firm at the time the credit deed and assignment were executed. Subsequently, the firm of Guillory, McGee & Fontenot was disbanded. Gerard Caswell left the firm and began practicing law with another attorney in Lafayette. Mr. Cas-well brought the Pucketts’ file with him and continued to represent the Pucketts until May of 1988. At that time, the Puck-etts discharged Mr. Caswell and retained the services of the new firm of Robert K. Guillory and Associates to represent them in their tort claim. The record reflects that *171 when the Pucketts’ file was delivered to Guillory, the file did not contain the assignment nor the credit deed. These documents were apparently discovered at a repository for the original firm’s closed files after the disbursement of settlement proceeds in December of 1988.
The Pucketts received a partial settlement of their tort claim from one of the defendants and on December 20, 1988, the settlement proceeds were disbursed except for approximately $7,588.00. The Pucketts proceeded to trial against the remaining defendant. A jury trial resulted in judgment adverse to Mr. and Mrs. Puckett. At the time briefs were submitted in the matter sub judice, the Pucketts’ tort claim against the remaining defendant was on appeal.
Plaintiffs contend that prior to the disbursement of the settlement proceeds on October 18, 1988, plaintiff’s counsel sent a letter of inquiry addressed to Gerard Cas-well at the Post Office address of the then disbanded firm of Guillory, McGee and Fontenot. It was stipulated prior to trial that neither Gerard Caswell nor Robert K. Guillory recall receiving this letter. On January 5, 1989, plaintiff’s counsel contacted Robert Guillory concerning the assignment. According to Mr. Guillory, this was his first knowledge of the sale and assignment. After negotiations between Robert Guillory and plaintiff’s counsel, plaintiffs accepted a payment of $6,000.00 on the amount due, agreed to monthly payments by Puckett of $255.00, and further agreed to forego any legal action on the assignment until after a decision of the case pending on appeal. This suit arose when Puckett failed to make the monthly payments agreed upon.
The record reflects that prior to the disbursal of the settlement proceeds in December of 1988, Guillory prepared a list of proposed disbursements or payouts. Mr. Puckett reviewed, approved, and authorized the disbursements as listed by Guillo-ry. Mr. Puckett testified he did not advise Guillory of the assignment executed to the plaintiffs. Furthermore, it is uncontradict-ed that Mr. Caswell did not personally inform Guillory of the assignment.
The crux of plaintiffs’ argument is that Robert K. Guillory and Associates had knowledge of the assignment by virtue of the fact that Gerard Caswell had knowledge of the assignment. The trial court’s conclusion that Guillory had no actual notice of the assignment until after a majority of the settlement proceeds were disbursed, is clearly supported by the record. Appellate courts should not disturb a trial court’s factual findings in the absence of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Watson v. State Farm Fire & Casualty Insurance Co., 469 So.2d 967 (La.1985); Howard v. Allstate, 520 So.2d 715 (La.1988). Furthermore, we decline to impute such knowledge and hold defendant liable for Caswell’s actions in not advising Guillory of the existence and location of the assignment and in not insuring that the assignment was made part of the file upon its transfer to Robert K. Guillory and Associates. We further refuse to impose liability for Guillory’s alleged negligence in assuming the file to be complete at the time it was received from Caswell.
Plaintiffs remaining arguments presuppose Guillory’s knowledge of the assignment prior to disbursal of the settlement funds. Plaintiffs argue that defendant Guillory violated Rules of Professional Conduct which violation constituted the breach of a duty owed by defendant to plaintiffs. This argument is without merit. The record clearly supports a finding that Guillory was not aware of the assignment at issue prior to the disbursement of settlement funds and did not violate Rules of the Code of Professional Responsibility.
Plaintiffs’ argument that defendant Guillory breached a duty as a mandatary is likewise without merit. Plaintiffs argue that under the facts of this case a mandate was established pursuant to LSA-CC Articles 2989, 2986, and 3000 for the interest of the plaintiffs and that it was the intention of the Pucketts that their attorney would pay the plaintiffs out of the proceeds of a settlement of the tort claim. However, Guillory as Puckett’s agent, would neces *172 sarily have to have knowledge of such a mandate in order for a mandate to be established.
We likewise refuse to impose a fiduciary duty upon the defendant where none exists. The one case cited by plaintiffs in support of this argument is inapplicable. Guillory had no contact with plaintiffs until January 5, 1989. Guillory had no knowledge of the assignment, and therefore no “trust relationship” existed between plaintiffs and Guillory.
Finally, nowhere in the credit sale, assignment of claim, or any other document does the defendant personally obligate himself or his firm to pay or guarantee payment to the plaintiffs. Furthermore, it was Mr. Guillory's testimony that he never personally obligated himself to pay or guarantee payment to plaintiffs. The record clearly supports the trial court’s ruling in this respect.
AFFIRMED. Costs of this appeal are assessed against plaintiffs-appellants.